# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COURTNEY R. LOGAN, ) | |
| ) | |
| Petitioner, ) | 3:12cv550 |
| ) | |
| v. ) | No. 3:12-mc-00038 |
| ) | Judge Sharp |
| JOHN (TONY) HOWERTON ) | |
| and ROBERT E. COOPER, JR., ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM**

The court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se* and *in forma pauperis*, is a pre-trial detainee being held at the Leflore County Jail in Greenwood, Mississippi.

### I. Introduction

According to the petition, on September 22, 2010, petitioner Courtney R. Logan was found guilty by jury of attempted first degree murder and employing a weapon during the commission of a dangerous felony in the Davidson County Criminal Court in Nashville, Tennessee. The petitioner was sentenced to thirty-one (31) months imprisonment. (Docket No. 1 at p. 1).

The petitioner has appealed his conviction and sentence. (*Id.* at p. 2). According to the petition, the appeal is pending at this time. (*Id.*)

### II. Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id.*

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Here, the petitioner states that currently he has an appeal pending in Tennessee state court, "Division IV [before the] Honorable Judge Seth Norman." (Docket No. 1 at p. 2). Given the absence of an allegation that the petitioner's state court remedies are futile or unavailable, it appears that the petitioner has failed to exhaust his state court remedies prior to filing this action. Where, as here, a *habeas corpus* petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose v. Lundy*, 455 U.S. at 522.

Acknowledging that the prisoner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. If the petition is dismissed for this reason, the petitioner will be permitted to refile his petition after he has exhausted his state court remedies.

To the extent that the instant petition alleges any claims regarding the petitioner's present

2

confinement at the Leflore County Jail in Mississippi, a § 2254 petition is not the correct vehicle for bringing those claims. Section 2254 authorizes a person in custody pursuant to a state court judgment to file an application for a writ of *habeas corpus*. 28 U.S.C. § 2254(a). The petitioner is not being held at the Leflore County Jail pursuant to a state court judgment as is required by § 2254; the petition clearly states that the petitioner is a pre-trial detainee "facing trial." (Docket No. 1 at p. 9).

The court could construe the petition as having been brought under 28 U.S.C. § 2241. However, since writs may only be considered by the district court for the district where the defendant is in custody, *Braden v. 20th Judicial Circuit Court*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 240 F.3d 314, 318-20 (6th Cir. 2003), the petition would have been filed in the wrong venue. Therefore, to the extent that the petitioner intended to pursue claims more appropriately filed under § 2241, the petition will be dismissed without prejudice to the petitioner's ability to refile a proper request in the proper venue.

### III. Conclusion

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed for failure to exhaust state court remedies. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed for that reason.

An appropriate order will be entered.

Kevin H. Sharp
United States District Judge